AMELIA CIEPLINSKI *vs.* FRANK SEVERN.

MICHAEL CIEPLINSKI *vs.* SAME.

Hampden.     September 19, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Actionable Tort. False Imprisonment. Wanton and Reckless Misconduct. Negligence,* Contributory. *Proximate Cause. Damages,* In tort. *Pleading, Civil,* Declaration.

The declaration in an action of tort in a district court by a woman against a man contained allegations that the defendant, "contriving to injure the plaintiff and to compel her against her will to do as he wished her to do," induced her to ride with him in his automobile; that, despite the plaintiff's request that he let her get out, he operated the automobile "in wilful and reckless disregard of . . . [her] safety . . . making indecent proposals to . . . [her]"; and that she was injured in attempting to get out of it while it was in motion. The trial judge found that the defendant stopped on a street where the plaintiff was walking and offered to take her to her home; that she got on the seat beside him; that she notified him when to turn to her home, but that the defendant kept on, saying, "We'll go for a ride"; that he then made an offensive proposal to her and twice placed his hand upon her in an offensive way; that she stood up and instructed him to stop the automobile, saying that she would jump if he did not; that he then slowed down; and that, when the car was being driven very slowly, he again put his hand on her in the same manner, whereupon she stepped to the running board, stepped or jumped to the street and was injured. The judge found that the plaintiff was guilty of contributory negligence and found for the defendant, denying a ruling requested by the plaintiff that the plaintiff was entitled to a finding. *Held,* that

(1) The declaration set forth causes of action for wilful and wanton misconduct and for false imprisonment;

(2) On the facts found, the plaintiff was entitled to a finding, at least for nominal damages: contributory negligence on her part was not a defence;

(3) The offensive proposals and conduct by the defendant properly might have been taken into consideration by the trial judge in aggravation of damages, and contributory negligence on the part of the plaintiff in mitigation thereof;

(4) It could not be said, as a matter of law, that the plaintiff's act of getting out of the defendant's automobile was not a proximate result of his previous conduct;

(5) The ruling requested should have been given.

Two ACTIONS OF TORT. Writs in the District Court of Springfield dated April 24, 1928.

The first count of the declaration in the first action is described in the opinion. The second count was for assault. The second action was by the husband of the plaintiff in the first action for consequential damages. Material evidence at the trial of the actions together in the District Court is stated in the opinion. In each action the trial judge found for the plaintiff on the second count of the declaration and for the defendant on the first count. He denied requests by the plaintiff in the first action for rulings as to the first count as follows:

"1. That the injury which the plaintiff sustained was proximately caused by the defendant's operation of his automobile.

"2. That the action of Amelia Cieplinski in jumping from the moving automobile does not as a matter of law constitute contributory negligence on her part."

"5. That the defendant, after having acted in such manner as to justify the conduct of Amelia Cieplinski in jumping from the automobile, in going on while she was about to jump from the automobile by continuing to keep his automobile in motion was thereby wilfully and recklessly and wantonly disregarding her safety, in the operation of the automobile.

"6. That the defendant in continuing to drive the automobile, while the plaintiff was standing up on the floor of the automobile with the door open ready to jump, was

operating the automobile in wilful disregard of the plaintiff's safety.

"7. On all the law and the evidence the finding and judgment of the court should be for the plaintiff."

The judge reported the actions to the Appellate Division for the Western District, the report stating, "If the plaintiff is entitled to a new trial in the first action, then the plaintiff in the second action is entitled to a new trial." The finding by the judge for the plaintiffs upon the second counts of the declarations was not questioned by the plaintiffs. The report was ordered dismissed and the plaintiffs appealed.

The case was submitted on briefs.

*J. F. Egan,* for the plaintiffs.

*F. G. Wooden, H. P. Small & R. D. Mallary,* for the defendant.

PIERCE, J. These are two actions of tort, each in two counts. The plaintiff in the second action, who is the husband of the plaintiff in the first action, seeks to recover for consequential damages. The cases were heard together as one case by a judge of the District Court of Springfield. The plaintiff in the first action will herein be referred to as the plaintiff. At the close of the trial and before final arguments, the plaintiff made certain requests for rulings as to count one of the declaration. The judge made certain findings of fact and severally denied each request for rulings of law because contrary to the facts found by the court. The judge found for the defendant on the first count of the plaintiff's declaration, and at the request of the plaintiff made report to the Appellate Division. This report contains all the evidence material to the questions reported. The cases are before this court on the appeal of the plaintiff from the order "report dismissed" of the Appellate Division.

The first count of the plaintiff's declaration alleges that "while she was walking along East Street, in Ludlow, the defendant, contriving to injure the plaintiff and to compel her against her will to do as he wished her to do, stopped her and under the pretence that he was to take her to her home in his automobile induced her to ride with him in his auto-

mobile over East Street in the direction of her home; that she rode with him in said automobile on East Street, in said Ludlow, in the direction aforesaid; that when said automobile was a block away from the street on which she resided, in said Ludlow, she informed the defendant and requested him to let her off there; that despite her request, the defendant, operating said automobile in wilful and reckless disregard of the safety of the plaintiff, and making indecent proposals to the plaintiff carried her beyond her street for some distance; that the plaintiff then in her endeavor to get from the defendant's automobile to safety, leaped from it while it was moving and sprained her ankle, was shaken up and sustained other serious injuries." The defendant's answer was a general denial and an allegation of contributory negligence on the part of the plaintiff.

The facts found by the judge and reported are as follows: "About 6.30 o'clock in the evening of April 21, 1928, the plaintiff was walking northerly on the left hand side of East Street in Ludlow, in said county, toward the corner of Lakeview Avenue, which was a little over a street block away from her and on which she lived, at a considerable distance from East Street. The defendant, driving a truck northerly on the opposite side of East Street, drove the truck to the left hand side of the street, near the plaintiff, asked the plaintiff if her husband was home, and on receiving an affirmative answer, said, 'Come on, sit down, I'll take you home.' After demurring slightly, the plaintiff got in and sat on the driver's seat near defendant in the cab of the truck and defendant drove along. They had known each other slightly for quite a good many years, and defendant had at least once been to plaintiff's home to see plaintiff's husband on a business matter. Before getting to Lakeview Avenue, the plaintiff notified defendant that that was the corner to turn; but defendant continued on past the corner. He said to plaintiff, 'We'll go for a ride.' Plaintiff said, 'I don't want to ride; I've got a husband and kids.' Defendant replied, 'You can change them.' Plaintiff replied, 'If you want a change, take a young lady, not me.' Defendant replied, 'I want you.' Defendant twice put the fingers of his right

hand on the breast of the plaintiff on one side of her body. Plaintiff opened the door on her side of the car and stood up in the cab and said to defendant, 'You stop the machine; you no stop I'm going to jump.' They were then past Lakeview Avenue and, with the car 'going a little slower' kept on to Kirkland Street, the next street beyond Lakeview Avenue, with plaintiff still standing up in the cab of the truck. Defendant then put the fingers of his hand for the third time on the breast of plaintiff. The plaintiff testified that after she stood up and directed him to stop the car, the defendant 'slowed the car down' that when she turned to the door to leave the car, 'the car was being driven very slowly' that the car 'continued to slow up, was slowing up' when the defendant put his hand on her breast the third time, which immediately, and almost instantly preceded her leaving the car. When defendant put his hand on the breast of the plaintiff the third time, the plaintiff, having picked up the bag of groceries which she had with her, stepped to the running board of the truck, and at once stepped or jumped from the running board to the surface of the street. The street was there somewhat rough with stones, and the contact with the street 'twisted' or strained one of plaintiff's ankles. She did not fall. Plaintiff was incapacitated from walking until near the end of the third day, when she walked with assistance, and was kept by the accident from her work in the mill for a week and a half. It was broad daylight. East Street at that point was quite closely populated, the houses, according to plaintiff, being about two hundred feet apart."

The judge states that on the above facts "The question is whether the plaintiff was justified in the sense of being free from contributory negligence, in the stepping from the running board of the car to the street, when the 'car was being driven very slowly,' apparently in consequence of her order to the driver to stop the car, and was 'continuing to slow up, was slowing up.'" After stating the question for decision he further reported: "The plaintiff testified 'When I turned to the door . . . the car was being driven very slowly, perhaps he was going to stop, but when he took hold of my breast I wasn't going to wait any longer.

Defendant was driving slow, but I wasn't sure whether he was going to stop or not, for he had been bothering me. I didn't know whether he was going to stop the car or not, for he had been laughing.'" The judge found from the above testimony of the plaintiff and from the fact that when she stepped from the running board to the street, on rough stones, she did not lose her balance or fall, that she was in no danger of violence at that time; and that from the slowing up of the car which, she testified, was then continuing, she had reason to believe that the car was very shortly to come to a complete stop, and that the stepping from the running board to the street as she did, under the circumstances, and at the time, was an act of negligence that contributed to and caused the injury to her ankle and consequent disability.

The first case evidently was heard and decided by the judge solely on the theory that the cause of action stated in count one and supported by the facts found was an action for negligence. Count one of the declaration has a double aspect, (1) a charge of wilful and wanton misconduct; and (2) an informal charge of false imprisonment, with an allegation of special damages predicated upon the established fact that the defendant, without legal justification, absolutely restrained the liberty of the plaintiff in every direction during the time the automobile was passing from Lakeview Avenue to Kirkland Street. *Commonwealth* v. *Nickerson*, 5 Allen, 518, 525, 526. *Lowrie* v. *Castle*, 225 Mass. 37, 48, 49. *Jacques* v. *Childs Dining Hall Co.* 244 Mass. 438. *Bird* v. *Jones*, 7 Q. B. 742. *Robinson* v. *Balmain New Ferry Co. Ltd.* [1910] A. C. 295. In such a case the facts, if proved, entitle the plaintiff to at least nominal damages. *Bird* v. *Jones*, *supra*. The specific allegations of indecent proposals and of assaults and batteries while the plaintiff was under the unlawful restraint of the defendant were statements of concomitant facts which were not required to be proved to maintain the action, but if proved might be considered in aggravation of damages for the wrongful imprisonment. The negligence of the plaintiff, if such there were, in getting out of the

moving car is referable to the measure of her damages, and was not pleadable as a defence to the action itself. The current of decisions is that when the defendant's wrong is something more than mere negligence, that is, when it has the element of wilful, reckless and wanton misconduct, contributory negligence is not a defence. *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 271. *Banks* v. *Braman*, 188 Mass. 367, 369. *Zink* v. *Foss*, 221 Mass. 73, 75. *Emmons* v. *Quade*, 176 Mo. 22.

It cannot be said as matter of law, in view of the offensive character of the restraint, that the act of the plaintiff in stepping from the defendant's automobile to escape from restraint and from further indecencies of conduct and speech by the defendant, was not the proximate consequence of the false imprisonment. *Lane* v. *Atlantic Works*, 111 Mass. 136. *Hill* v. *Winsor*, 118 Mass. 251, 259. On the facts found the request, that on all the evidence the findings and judgment of the court should be for the plaintiff, should have been given. It results that the order "report dismissed" of the Appellate Division must be reversed, and the cases remanded for further hearing before the judge of the District Court on the first count, on the question of damages only.

*So ordered.*