[Civ. No. 1743.   Fourth Appellate District.—April 2, 1937.]

WALLACE EDWARD HALL, a Minor, etc., et al., Appellants, v. J. J. BERLINER et al., Respondents.

Brittan & Mack and Richard C. Waltz for Appellants.

Borton, Petrini & Conron for Respondents.

JENNINGS, J.—On July 20, 1931, Maeme Louise Hall was killed when the Packard coupe in which she was riding as a guest turned over. The plaintiffs in this action are the surviving husband and the minor child of the deceased. The defendants are Edna Williams, the owner of the automobile, who was riding in it at the time the accident occurred and J. J. Berliner, who was then driving the car with the owner's consent. The cause was tried before the court without a jury and at the conclusion of the trial the court found that the defendant Berliner was driving the automobile in a negligent manner at the time of the accident but that he was not guilty of gross negligence in the operation of the car. Judgment was accordingly rendered in favor of the defendants. This appeal has been taken by plaintiffs from the judgment so rendered.

Prior to the occurrence of the accident Berliner was driving south on the Bakersfield-Los Angeles highway at a speed of approximately 45 miles per hour. When he had arrived at a point approximately 25 miles south of the city of Bakersfield he observed a box truck which was headed south. At this time Berliner was approximately one mile north of the truck. He continued to proceed at a speed of about 45 miles per hour until he arrived at a point approximately 75 feet from the rear end of the truck when he retarded the speed at which he was driving the Packard to 35 miles per hour, turned to his left and sounded the horn with the intention of passing the truck on its left side. He then observed that an automobile was approaching from the south and it was his opinion that this last-mentioned vehicle was distant from him approximately one and a half miles. Just at this time the box truck turned sharply to its left and proceeded ahead of him on the east side of the highway. Berliner continued to sound the horn of the Packard at intervals. When he arrived at a point about 25 to 35 feet north of the rear

end of the truck he turned the Packard sharply to the right and ran off the highway where the automobile came in contact with an embankment of stones and turned on its side. At this point the paved portion of the highway was 20 feet wide and the dirt shoulders on both sides of the pavement had been plowed and filled with sand. On the west side there was a drop of 8 or 10 inches from the edge of the pavement to the plowed shoulder of the highway. The Packard proceeded along the shoulder for a distance of 40 feet to the point where it turned on its side.

The sole point urged by appellants on this appeal is that the above-narrated facts indicate that respondent Berliner was guilty of gross negligence as a matter of law. This contention may not, in our opinion, be sustained.

█ It is here conceded that ordinarily the question of whether or not a person is guilty of gross negligence is one of fact to be determined by the trier of facts. The concession is proper. It is supported by numerous California authorities among which are the following decisions: *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327]; *Malone* v. *Clemow*, 111 Cal. App. 13 [295 Pac. 70]; *Taylor* v. *Cockrell*, 116 Cal. App. 596 [3 Pac. (2d) 16]; *Meighan* v. *Baker*, 119 Cal. App. 582 [6 Pac. (2d) 1015]; *Smith* v. *Wagner*, 137 Cal. App. 556 [30 Pac. (2d) 1020]; *Goodwin* v. *Goodwin*, 5 Cal. App. (2d) 644 [43 Pac. (2d) 332.] It is, however, maintained that the evidence produced during the trial of this action was not conflicting and that the facts developed thereby showed that no conclusion other than that respondent Berliner was guilty of gross negligence could properly have been reached.

It is unquestionably the rule that, where no conflict in the evidence exists, if different conclusions upon the issue of gross negligence may rationally be drawn from the evidence, the finding of the trier of facts on the issue may not be disturbed. (*Malone* v. *Clemow, supra; Goodwin* v. *Goodwin, supra.*) It is only when it must be declared that no conclusion other than that the person charged was guilty of gross negligence may properly be deduced from the evidence that a reviewing court is justified in setting aside the trial court's finding to the contrary. █ The undisputed evidence disclosed by the record does not justify a declaration that the only rational conclusion deducible therefrom is that respondent Berliner was guilty of gross negligence. The factual situation here

presented is very similar to that which was presented in *Simpson* v. *Steinhoff*, 131 Cal. App. 660 [21 Pac. (2d) 960], where this court refused to reverse a judgment of nonsuit in favor of a host driver who was a defendant in an action brought by a guest.

The judgment from which this appeal has been taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.