Robert Schoenbacher and George Schoenbacher, Appellees, v. Hyman Kadetsky, Appellant.

Gen. No. 39,294.

Opinion filed April 19, 1937.

HENRY A. BLAIR and JOHN A. BLOOMINGSTON, both of Chicago, for appellant.

MITGANG & BASKIN, of Chicago, for appellees.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiffs brought suit to recover damages for personal injuries and property damage claimed to have been sustained through the negligence of defendant which resulted in an automobile collision. Defendant denied liability, there was a jury trial and a verdict in favor of Robert Schoenbacher for $6,500 for personal injuries, and a verdict in favor of George Schoenbacher for $175 for property damage to his automobile. Judgments were entered on the verdicts and defendant appeals.

About 3:30 p. m. of November 30, 1934, Robert Schoenbacher was driving his brother George's automobile north in Vincennes avenue, Chicago, and defendant was driving his automobile east in 42nd street. The automobiles collided at the intersection of the streets, injuring Robert Schoenbacher and damaging George Schoenbacher's automobile.

The evidence offered on behalf of Robert Schoenbacher, who will be referred to as plaintiff, is to the effect that the day was bright and clear and the streets dry; that he was driving his brother's car north in Vincennes avenue, traveling at about 15 miles an hour and when he reached a point about at the south crosswalk of the intersection he saw defendant's eastbound automobile about 150 feet west of Vincennes avenue coming at about 35 or 40 miles an hour, and when plaintiff was about half way across the intersection his automobile was struck by defendant's automobile near the rear left wheel, thrown toward the northeast corner, and plaintiff was severely injured. Plaintiff testified in his own behalf and called a number of witnesses whose testimony substantiated his version of the accident. On the other hand, defendant testified that just before the collision he was driving his automobile east along the south side of 42nd street at

about 15 miles an hour; that when he reached Vincennes avenue he put his car in second gear; that he then saw plaintiff's automobile about 100 feet south of the street intersection traveling at about 50 or 60 miles an hour; that it had been raining shortly prior to the accident and the streets were wet and slippery; that he tried to stop his car but it slid around, struck plaintiff's car and they both stopped near the northwest corner of the intersection.

The court, at plaintiff's request, submitted to the jury the following interrogatory: "Was the defendant, Hyman Kadetsky, operating his automobile in a wilful and wanton manner at the time and place alleged in plaintiff's complaint?" which was answered in the affirmative. The complaint alleged that plaintiff was driving the automobile at the time and place in question and was in the exercise of due care and caution for his own safety; that defendant negligently drove his car, as a result of which plaintiff was seriously and permanently injured. It is then alleged that at the time and place defendant did "one or other of the following acts, which caused the injuries to the plaintiff," (a) Carelessly and negligently failed to give the right of way to plaintiff in violation of the Statute. (b) Carelessly and negligently drove the automobile at an excessive rate of speed in violation of Section 22 of the Motor Vehicle Act, (c) "Wilfully and wantonly drove said automobile at an excessive rate of speed," (d) "So carelessly and negligently operated . . . said automobile" that it collided with the automobile plaintiff was driving.

Defendant contends that the court erred in giving the following instructions at plaintiff's request: (1) which told the jury that "in order for the plaintiffs to prove that the defendant was guilty of wilful and wanton conduct in the operation of his automobile , , , it is not necessary for the plaintiffs to prove

actual ill will on the part of the defendant toward the plaintiff, but if the preponderance or greater weight of the evidence shows that the defendant in the operation of his automobile, just prior to, and at the time of the accident in question operated his automobile at such a high, dangerous, and reckless rate of speed (if you find the same was so operated), and so as to evince on the part of the defendant a reckless disregard of the rights of others, then if you so find, from the preponderance of the evidence, the plaintiffs would be entitled to recover.'' (2) That ''in order for the plaintiffs to prove that the defendant was guilty of wilful and wanton conduct in the operation of his automobile it is not necessary for the plaintiffs to prove that the plaintiffs were in the exercise of any care whatsoever for their own safety . . . and if you believe from a preponderance of the evidence that the defendant operated his automobile . . . in such a manner as to amount to wantonness or a general disregard for the lives of persons who might be using the streets, and that such conduct on the part of the defendant amounted to wantonness, then you are instructed that the plaintiffs are entitled to recover'' even though the jury believed from the evidence that plaintiffs were guilty of negligence which contributed to the injury of plaintiff,—the contributory negligence of plaintiff, if any, would be no defense.

Counsel say that the first instruction above mentioned is erroneous for three reasons: (1) that it authorizes a recovery on grounds not alleged in the complaint; that the only charge of wilful and wanton conduct made against defendant in the complaint is that he drove his automobile at an excessive rate of speed, and that the instruction was not confined to that allegation but included ''any act or conduct other than speed which the jury might conclude was wilful and wanton.'' (2) That the instruction does not require

the jury to find from the evidence there was any "conscious indifference to the rights of others." It is not enough to recover for wilful conduct, based on high speed, that there be proof of high speed. It must also include knowledge of the presence of the plaintiff or conscious indifference. And (3) that the instructions "told the jury that if the defendant ran his car at a high or dangerous rate of speed or so as to evince a reckless disregard of the rights of others that there could be a recovery, regardless of whether the high speed or the reckless conduct caused or proximately caused the injury."

We think these objections are hypercritical for it is clear that the only evidence of misconduct on the part of defendant was the claimed excessive speed at which he was traveling; that the jury could in no way be misled on this question. The instruction specifically referred to the question whether the defendant was operating his automobile at such a high, dangerous and reckless rate of speed as to evince a reckless disregard of the rights of others. The question was not at all involved, and the jury could not have been misled. An instruction similar in substance was held unobjectionable in *Robeson v. Greyhound Lines, Inc.*, 257 Ill. App. 278.

The criticisms to the second instruction above mentioned are substantially the same as those leveled at the first instruction, and for the same reasons we hold that the objections made cannot be sustained.

Defendant also complains of two other instructions given at plaintiff's request, by one of which the jury was told that if it found from a preponderance of the evidence that defendant was operating his automobile at the time in question at a greater speed than was reasonable and proper, having regard to the traffic and the use of the way, so as to endanger the life and limb

of any person, and in so doing was guilty of negligence, as a direct result of which plaintiff was injured, then it should find for the plaintiff, provided it found he was in the exercise of due care and caution for his own safety. The objection, as we understand it, is that there was no allegation in the complaint of the violation of any particular statute, that the only charge was that defendant negligently failed to give the right of way to plaintiff in violation of the statute of Illinois. We think this objection is untenable; there is no mention of any statute in the instruction and we think it was proper.

The next instruction to which objection is made told the jury the statute provided that all vehicles traveling upon public highways should give the right of way to other vehicles coming along intersecting highways from the right, and ''if you find from a preponderance of the evidence that plaintiffs' vehicle approached the intersection in question from the right before the defendant approached it, and that the defendant failed or refused to yield to the plaintiffs the right of way, and if you further find that such failure on the part of the defendant was the proximate cause of the collision in question, and that the plaintiff . . . was injured . . . through no fault on his part, then your verdict should be for the plaintiffs.''

Defendant's contention is that this instruction is wrong because the statute gives the party approaching from the right in such a situation the right of way over the person approaching from the left only when they reach the intersection at about the same time. We think this is a correct statement of the law. *Salmon v. Wilson,* 227 Ill. App. 286; *Heidler Co. v. Wilson & Bennett,* 243 Ill. App. 89; *Ward v. Clark,* 232 N. Y. 195; *Fitts v. Marquis,* 127 Me. 75, 140 Atl. 909. But defendant is in no position to complain as the instruc-

tion. was more favorable to him than the law contemplated, because it told the jury that if it found from the evidence that plaintiff approached the intersection "before the defendant approached it" then, under the circumstances mentioned in the instruction, plaintiff could recover. It is clear that this instruction would require the jury to find that plaintiff had reached the intersection before the defendant, while the law did not put such a burden on plaintiff.

Complaint is also made that the court "erred in allowing the case to go to the jury as to the wilful and wanton count and in giving the interrogatory to the jury." We think the question whether defendant was guilty of wanton misconduct was for the jury. *Walldren Express Co. v. Krug,* 291 Ill. 472; *Price v. Bailey,* 265 Ill. App. 358; *Nosko v. O'Donnell,* 260 Ill. App. 544. If the jury believed plaintiff's version of the collision, we think that defendant's conduct evidenced such a gross want of care and regard for the rights of others as to justify the presumption of wantonness.

We think the evidence was wholly insufficient to show an intent or purpose by defendant to injure plaintiff, but an intent is not necessary under the law. We may surmise a case of an automobile collision at a street intersection where the defendant intended to injure the plaintiff, but those cases do not happen in actual practice. We have never had any such case in this court. The term "wilful" as used in such cases implies intent or purpose, while the term "wanton" expresses a reckless disregard of consequences. *Trucking Co. v. Fairchild,* 128 Ohio St. 519.

The judgments of the superior court of Cook county are affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.