[Civ. No. 3885. Fourth Dist. Aug. 1, 1949.]

RACHEL AMIDON, as Special Administratrix, etc.,
Respondent, v. WALTER HEBERT, Appellant.

Forgy, Reinhaus & Forgy for Appellant.

Meyer & Dreizen for Respondent.

BARNARD, P. J.—This is an appeal from a judgment for the plaintiff, entered on a jury verdict. The action was based, under section 403 of the Vehicle Code, on wilful misconduct of the defendant in driving at an excessive speed upon wet pavement and on a downhill curve. The answer alleged contributory negligence and, as a separate defense, that the plaintiff knew before and during the trip of any wilful misconduct, that he assented to and lent his approval to such misconduct by riding in the automobile, and that he thereby assumed the risk. After judgment was entered the plaintiff died and his widow was substituted in his stead. This appeal followed. The original plaintiff will be referred to as the plaintiff.

The accident happened about 1 a. m. on March 28, 1947, at Crystal Cove, about 4 miles north of Laguna Beach. On the preceding evening the plaintiff and defendant and another man went to Balboa in the defendant's car and bowled until about 10:30 p. m., during which time each of them had some beer to drink. They then went to Laguna Beach where they again bowled. Later on, they went to a bar where they had something to drink and then to a restaurant where they ate. After leaving Laguna Beach, on the way home, the plaintiff saw that the defendant was going at a fast rate of speed and asked him to slow down. The defendant replied ''It is all right,'' and speeded up as they approached Crystal Cove. The plaintiff then saw that the speedometer read 90 miles per hour and said to the defendant: ''For God's sake, slow down.'' Very shortly thereafter the defendant lost control of the car which skidded 87 feet along the pavement, 120 feet along an embankment, and over the bank where it came to rest 425 feet from the point where it commenced skidding. The defendant testified that he was familiar with the highway and knew that the pavement was wet. Two witnesses who were driving along the same road testified that the defendant passed their car about 800 feet from the crest of the hill leading to Crystal Cove, and that he was then going between 70 and 80 miles an hour. These witnesses were the first to arrive at the scene of the accident, and they testified that

they did not smell any alcohol on the defendant's breath. A doctor who treated the defendant about an hour later testified to the same effect. While there was evidence that these parties had had some drinks during the evening there is no evidence that any of them were intoxicated. There is no evidence of speed or other improper driving until shortly before the accident. Another witness testified that four days after the accident the defendant told him that the accident was due to excessive speed and that he lost control of the car.

The sole point raised is that the court committed prejudicial error in giving one instruction, which reads:

"You are instructed that ordinary negligence on the part of the plaintiff is no defense upon which a defendant may rely when the defendant is guilty of wilful misconduct. In order to bar plaintiff's recovery, said negligence, if any, must be of such a type and character that it contributes to and becomes a part of, that is, the inducing cause of the defendant's wilful misconduct.

"If you find defendant guilty of wilful misconduct, and do not find the plaintiff guilty of negligence, as hereinabove defined, you must bring in a verdict for the plaintiff."

It is argued that this is a formula instruction and that it fails to cover proximate cause, burden of proof, and assumption of risk.

It has frequently been held that where the method of giving an instruction clearly indicates that it was not intended, and does not purport, to state all of the elements involved in the case, and where the omitted elements were covered by specific instructions elsewhere given, the giving of such a so-called formula instruction does not constitute prejudicial error. (*Purcell* v. *Goldberg,* 34 Cal.App.2d 344 [93 P.2d 578]; *Douglas* v. *Southern Pac. Co.,* 203 Cal. 390 [264 P. 237]; *Reuter* v. *Hill,* 136 Cal.App. 67 [28 P.2d 390]; *Hall* v. *Pacific Elec. Ry. Co.,* 13 Cal.App.2d 456 [56 P.2d 1284].)

The other elements were thoroughly and repeatedly covered in other instructions. At the outset the jury was instructed that any rule or idea might be stated in varying ways, that it was not to single out any sentence or any individual point or instruction but was to consider all the instructions as a whole, and that it was to regard each in the light of all of the others. The instruction complained of was the last one of a series of instructions relating to wilful misconduct, and covering assumption of risk and contributory

negligence as a defense thereto. In several of these instructions the matter of wilful misconduct was fully defined and covered, including all elements, and the jury was told that if wilful misconduct, as thus defined, was established the plaintiff would be entitled to recover unless he was barred by contributory negligence or assumption of risk, "under instructions to be given later." Five instructions followed the instructions on misconduct, of which three were requested by the defendant, covering contributory negligence and assumption of risk and the circumstances under which these matters, or either of them, would be a defense to the charge of wilful misconduct. The challenged instruction was the last of these five.

The matter of wilful misconduct had been fully covered and completed, with the statement that the claimed defenses were to be considered under instructions thereafter given. The instructions which followed related to those matters and concluded with the one in question. It seems rather clear that this instruction was intended as a part of those covering the defenses thus relied on, and that it was not intended as an instruction covering all elements in the case.

The rule relied upon by the defendant, that a formula instruction must contain all of the elements essential to a recovery, has been somewhat relaxed where the conditions and surrounding circumstances indicate that it should not be applied in its original strictness. (*Westover* v. *City of Los Angeles,* 20 Cal.2d 635 [128 P.2d 350]; *Wells* v. *Lloyd,* 21 Cal.2d 452 [132 P.2d 471]; *Dawson* v. *Boyd,* 61 Cal.App. 2d 471 [143 P.2d 373]; *McChristian* v. *Popkin,* 75 Cal.App. 2d 249 [171 P.2d 85]; *Bee* v. *Tungstar Corp.,* 65 Cal.App. 2d 729 [151 P.2d 537].) The reasoning in these cases is particularly appropriate here whether or not the criticized instruction should properly be considered as being one which was formula in character. The jury was repeatedly and correctly instructed as to the law governing all elements of the case and was told to consider the instructions as a whole, and to regard each in the light of all of the others. It could not reasonably be supposed that it was misled by the instruction complained of, that it misunderstood the issue submitted to it, or that any omission in this instruction contributed to or affected the verdict.

Not only was assumption of risk covered in three other instructions but the two defenses here pleaded amount to the same thing in such a case as this. While there is a dif-

ference between contributory negligence and assumption of risk, no such difference is material here. Ordinarily, the negligence of a plaintiff is not available as a defense to a charge of wilful misconduct. It may become so only where the act of the plaintiff is such that it is a part of, or an inducing cause of, the defendant's misconduct. (*Schneider* v. *Brecht*, 6 Cal.App.2d 379 [44 P.2d 662].) The doctrine of assumption of risk is usually applied under entirely different circumstances. If applicable here at all it could only relate to an act or assent on the part of the plaintiff which was a part, or an inducing cause, of the misconduct. Assumption of risk was here pleaded, and is here relied on, as arising from plaintiff's assent to and approval of the defendant's conduct, whatever it was. In such a case as this, this assent and approval would have to be of a kind and character exactly similar to that involved in the other defense. In either case, it would amount to a participation in the misconduct. Such an assent and approval has been usually treated, in such a case, as a form of contributory negligence which becomes a part of and an inducing cause of the wilful misconduct. (*Jones* v. *Pacific Gas & Electric Co.*, 104 Cal.App. 47 [285 P. 709]; *Schneider* v. *Brecht*, 6 Cal.App.2d 379 [44 P.2d 662].) While this may be technically inaccurate it is no more so than it would be to refer to such active participation as being merely a passive assumption of the risk. The instruction here given purported to cover negligence of a particular and unusual kind. In practical effect, it covered the matter of assent and approval upon which the defendant relied. There was no evidence of any other participation or act by the plaintiff. Regardless of the name used or the fact that the same defense was pleaded under two names, the actual situation and the only possible factual ground of defense was covered and no prejudice could have resulted.

The judgment is affirmed.

Mussell, J., concurred.