NANCY J. SMITH, Plaintiff-Appellant, *v.* BEVERLY L. SOLFEST, Defendant-Appellee.

Second District   No. 77-360

Opinion filed November 8, 1978.

John M. Boreen, of Lawrence J. Ferolie & Associates, of Rockford, and Katz & Friedman, of Chicago, for appellant.

Richard D. Gaines, of Welsh, Holmstrom, Worden & Gaines, of Rockford, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Nancy J. Smith, a passenger in a car driven by the defendant, Beverly L. Solfest, sued to recover damages for personal injuries. The defendant admitted her negligence but defended on the theory that plaintiff was contributorily negligent. The jury found for the defendant and plaintiff appeals.

We conclude that the evidence of plaintiff's contributory negligence was sufficient to support the verdict and we therefore affirm the judgment.

The families of the plaintiff and the defendant were good friends and neighbors over a period of several years. The Smiths had a cabin in Wisconsin which was approximately a two-hour drive from the parties' homes; and on several prior occasions the Solfest family had been guests at the cabin. On the evening of Friday, February 3, 1973, Mr. Smith took one of the Smith children and the Solfests' two daughters to the cabin. Both Mr. and Mrs. Solfest and Mrs. Smith had to work on the following Saturday but there had been discussion to the effect that they would join Mr. Smith and the children that Saturday evening. The two women were employed by the same company and were scheduled to work from 7 a.m. to 12 noon on Saturday. Mrs. Solfest got up about 5 a.m., Mrs. Smith arrived at 6:45 a.m., and the two went to work together, returning afterwards. On that date Mr. Solfest worked from 7 a.m. until 7:30 p.m. that evening and arrived home some time after 8 p.m. Saturday evening.

Between 11 and 11:30 p.m. the parties set off for the cabin. At some time during the journey the Solfests asked Mrs. Smith whether she could drive but Mrs. Smith advised them that she did not have a driver's license. Mrs. Solfest started driving and after they crossed into Wisconsin a State highway trooper stopped the car and warned Mrs. Solfest that she was driving too slow. At that time Mr. Solfest took over the driving until they reached the cabin.

When they arrived at the cabin it was some time after 1 a.m. early Sunday morning. The cabin was locked, no one was there, and Mrs. Smith had not brought a key. They then drove to the nearest town to find a public telephone so that Mrs. Smith could try to contact her husband at home. On the phone her husband indicated that he had returned home because he became worried when the others did not join him at the cabin, and suggested strongly that they return home. They started on the journey with Mr. Solfest driving. Later at a gas station they switched drivers and Mrs. Solfest started driving again. Mrs. Smith fell asleep in the back seat. At approximately 4:30 in the morning Mrs. Solfest fell asleep while driving, the car went out of control and struck a road sign, resulting in the personal injuries for which Mrs. Smith claims damages.

Only a portion of the testimony is controverted. Mrs. Solfest testified

that during the afternoon on Saturday she told Mrs. Smith that neither she nor her husband would feel like traveling and that Mrs. Smith should attempt to call a neighbor's cabin so as to leave word for her husband that they would not be coming up north. Mrs. Solfest testified, "I told her I was getting too tired." Mrs. Solfest also testified that there was more conversation between them after her husband came home from work and further that her husband had only agreed to go to the cabin if he did not have to do the driving.

Mr. Solfest testified that when he came home from work there was constant conversation about whether they would go to Wisconsin that evening. He said that his wife told Mrs. Smith that she was too tired to go and he further said that he would only go if he did not have to drive. He also testified that it was only upon Mrs. Smith's insistence that they finally drank some coffee and embarked upon the trip. Both of the Solfests also testified that upon reaching the cabin and finding it locked they tried to talk Mrs. Smith into staying overnight in a motel but that after the telephone conversation with her husband Mrs. Smith expressed fear of her husband's reaction if she did not return.

Mrs. Smith's testimony, however, was that there was no discussion that the three would not go to the cabin; that after she telephoned her husband she told the Solfests that her husband suggested that they return; and that the Solfests agreed without stating that they wanted to stay overnight in a motel.

■■■ Plaintiff argues that when Beverly Solfest took over the driving at the gasoline station, she did not appear unusual and that her next recollection was waking up at the time of the accident. She argues that even assuming that she failed to keep a proper lookout since she fell asleep in the rear seat, such failure was not a proximate cause of the accident. The argument is misplaced under the circumstances. It is ordinarily not contributory negligence or contributory willful and wanton misconduct for a passenger to fall asleep absent circumstances of an obvious danger with a consequent duty to warn the driver. (*E.g., Ramirez v. Deters*, 41 Ill. App. 3d 935, 938-39 (1976); *cf. Dursch v. Fair*, 61 Ill. App. 2d 273, 285 (1965).) Sleeping is neither contributory negligence as a matter of law nor freedom from contributory negligence as a matter of law. (*Hayes v. Alsburg*, 72 Ill. 2d 560 (1978).) But here there is testimony that the jury could find credible that plaintiff was aware that defendant had gotten up at 5 a.m. Saturday morning and was without sleep until 4:30 a.m. Sunday morning; that plaintiff insisted that the drive be made to the cabin despite defendant's protestations that she was too tired to travel; that after arrival at the locked cabin plaintiff insisted that they return despite defendant's expressed desire to stay overnight in a motel. Under these circumstances the question was properly put before the jury as to whether the plaintiff exercised due care for her own safety not merely

because she was a passenger who fell asleep but because of additional circumstances from which the jury could conclude that plaintiff knew that the defendant was not in a safe condition to drive and yet either permitted or even induced the driving under those conditions. *Cf. Hayes v. Alsburg*, 72 Ill. 2d 560 (1978).

The weight of authority from other jurisdictions holds that when a passenger knows the driver of an automobile is drowsy from lack of sleep he may be found by the jury to be contributorily negligent or willful and wanton if the driver subsequently falls asleep at the wheel. See, *e.g., Ledford v. Klein*, 87 N.W.2d 345, 353 (N.D. 1957); *Walters v. Kee*, 366 S.W.2d 534, 538-39 (Tenn. App. 1962); *Wright v. Erwin*, 346 P.2d 187 (Okla. 1959); *McGriff v. McGriff*, 26 Ariz. App. 430, 436, 549 P.2d 210, 216 (1976). See also Annot., 28 A.L.R.2d 12 (1953).

In *Ledford v. Klein*, 87 N.W.2d 345 (N.D. 1957), under somewhat similar facts, the court affirmed the jury's finding of the plaintiff's contributory negligence, stating,

> "He was an active participant in the conduct of the defendant. While he was not driving the car at the time of the accident, it was being driven because he wanted to continue the journey without taking time off for rest. He induced the defendant to continue the trip apparently beyond the physical stamina of the defendant and beyond his capacity to stay awake and alert." 87 N.W.2d 345, 353.

Viewing this record in its aspects most favorable to defendant, plaintiff was entitled to neither a directed verdict nor a new trial. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967); *Mizowek v. De Franco*, 64 Ill. 2d 303, 310 (1976).

■■ Plaintiff has also argued that the court erred in failing to apply the substantive laws of the State of Wisconsin as having the most significant relationship to the issues since Wisconsin was the place of injury and the place of the conduct causing the injury. However, plaintiff is in no position to urge this argument since she filed a motion before the trial to apply substantive Illinois law which motion was granted over the objection of the defendant. Since plaintiff successfully urged the trial court to apply the substantive law of Illinois she cannot change her position on the basis of an alleged error that she requested and invited. (See *Western Springs Park District v. Lawrence*, 343 Ill. 302, 311 (1931); *Martin v. McIntosh*, 37 Ill. App. 3d 526, 531 (1976).) We therefore will not consider this claim of error.

■■ Plaintiff has made the further argument that the court erred in permitting testimony as to the warning of the Wisconsin State trooper to defendant that she was driving improperly. The statement, however, was not offered to prove that defendant was driving improperly at that time which would have been hearsay. Rather it was offered to show that plaintiff had knowledge of defendant's difficulty in driving the

automobile on the evening in question. Out-of-court statements used not as evidence of the fact asserted but as circumstantial evidence for another purpose do not fall under the hearsay rule. (*Goshey v. Dunlap*, 16 Ill. App. 3d 29, 34 (1973).) The testimony was admissible for the purpose of showing that plaintiff had knowledge of defendant's inability to drive on the evening in question.

Both prior to trial and during the trial plaintiff objected to any testimony with reference to the conduct of the parties before the occurrence as too remote. Under the circumstances the trial court properly admitted the testimony as to the course of events leading up to the accident. Even though the events took place hours before the accident itself they were highly probative on the issue of whether the accident occurred because the defendant was fatigued and on the issue whether plaintiff knew of defendant's fatigue. The judgment of the trial court based on the jury verdict is therefore affirmed.

Affirmed.

GUILD and WOODWARD, JJ., concur.