### Storey & Cheney *vs.* Child.

A motion for judgment, as in case of non-suit, is a special motion, and must be founded upon affidavit, showing the facts necessary to entitle the party to his motion.

The provisions of R. S., p. 463, § 4, requiring written notice of trial of issues of fact in the Circuit Court, is not repealed by the act of April 3d, 1848, entitled "An act to regulate and define the jurisdiction of the Circuit and County Courts."

If any part of the ground of a motion consists of an *extrinsic fact,* not apparent on the face of the proceedings, there must be an affidavit or other competent evidence of its existence.

Case reserved from Ingham Circuit Court.  Replevin.  At the October Term of the Circuit Court, in 1848, defendant made a motion for judgment, as in case of nonsuit, without affidavit or other evidence in support of his motion, on the ground that the case had not been noticed for trial by plaintiff.   The motion was granted, and defendant, having elected to take judgment for the value of the property replevied, its value and defendant's damages were assessed by a Jury.   Whereupon plaintiff moved to set aside the assessment and the proceedings had on the part of defendant; 1st. because no notice of trial was necessary—the act of 1848, to regulate and define the jurisdiction of the Circuit and County Courts, having repealed that part of the Revised Statutes requiring

notices of trial; 2d. because no affidavit was made of the fact that no notice of trial had been given.

*Cook & Wells*, for defendant.

PRATT, J.

By the Revised Statutes of 1846, (*p.* 463, *sec.* 4,) written notice of trial of issues of fact in the Circuit Court is required; and by another provision (*p.* 516, *sec.* 27) in actions of replevin, either party may give notice of trial, but if neither party give such notice, the defendant may move for judgment, as in case of non-suit. Neither of these provisions of the statute are repealed by anything contained in the subsequent act, entitled "an act to regulate and define the jurisdiction of the Circuit and County Courts," approved April 3, 1848, or by anything contained in the act supplementary thereto. If, therefore, the cause had not been noticed for trial by either party, the defendant was authorized, under the statute, to move the Court for judgment. But in what manner should the motion for such a judgment have been made? It was a *special motion*, founded on the alleged fact, that the cause had not been noticed for trial; this fact could not be presumed by the Court; nor could the Court take judicial notice of its existence, without evidence, as it did not appear on the face of the proceedings. If any part of the ground of a motion, consists of an *extrinsic fact*, not apparent on the face of the proceedings, there must be an affidavit or other competent evidence of its existence. (3 *Chitty Gen'l Practice*, 537.) This is a well settled rule of practice. The alleged fact, of the cause not having been noticed, was an *extrinsic fact*, and without evidence of its existence, the motion for judgment, could not have been granted. By the English rule, whenever the plaintiff has neglected to try his cause, according to the course of practice established, the defendant is at liberty to move for judgment, as in case of non-suit; this rule, in the first instance, by the English practice, is a rule *nisi;* yet it must be founded on an affidavit, showing affirmatively the state of the proceedings, and the plaintiff's default. (2 *Tidds Pr.*, 825.) But rules regulating our Circuit Court practice, have been established pursuant to statute, and while in force should be observed and enforced by Courts. The clerk is required

by rule, to provide a book to be denominated, "*The Special Motion Book*," in which attorneys are required to enter all *special motions*, to be made to the Court. (*Rule* 64.) And in all cases of special motions, except motions for continuance, affidavits or other papers, on which they are founded, are to be filed at the time of entering the motion, and copies thereof served on the attorney of the opposite party. (*Rule* 24.) Notwithstanding these salutary rules, this special motion was not even entered in the Special Motion Book; nor was there any evidence adduced in support of the alleged fact upon which it was predicated, by affidavit or otherwise. The motion, therefore, was erroneously granted.

The opinion of this Court is, that the motion should be sustained, and that the assessment and judgment, as in case of non-suit, should be set aside.

Certified accordingly.