Submitted on briefs, decided June 24, 1913.

## PLINSKY v. NOLAN.

(133 Pac. 71.)

**Appeal and Error—Judgments Appealable—"Judgment by Confession."**

Under Section 549, L. O. L., providing that an appeal will lie only from a judgment or decree other than one by confession or for want of answer, the plaintiff's filing of a remitter amounted to an acceptance of the trial court's offer and a consent to its judgment, and was equivalent to "judgment by confession," and hence operated as a waiver of the right to appeal.

From Benton: JAMES W. HAMILTON, Judge.

Statement PER CURIAM.

This is an action by Frank Plinsky against J. M. Nolan and Thomas Nolan to recover damages for breach of an alleged contract to employ him; the plaintiff obtained a verdict and judgment for $135, which the defendants moved the court to set aside and to grant a new trial. The court entered an order to the effect that the verdict be set aside and a new trial granted, unless within 30 days the plaintiff should elect to rebate and accept a judgment against the defendants for $90. Within the specified time, in accordance with the order, the plaintiff filed a remitter in the following language:

"Comes now the above-named plaintiff and remits all of that certain judgment entered in the above-entitled case, over and above the sum of $90, pursuant to the order of the court herein, giving plaintiff the opportunity to make such remitter or have the said judgment set aside."

Judgment was thereupon entered for plaintiff and against the defendants for $90, together with costs and disbursements, from which the plaintiff appeals, assigning as errors certain rulings of the trial court in the exclusion of testimony and about the instructions to the jury. The defendants move to dismiss the appeal, because the filing of the remitter operates as a waiver of the right to appeal.

                              APPEAL DISMISSED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

For appellant there was a brief by *Mr. Walter C. Winslow.*

For respondents there was a brief over the names of *Messrs. McFadden & Clarke.*

Opinion PER CURIAM.

In effect, the trial court said to the plaintiff, "You are not entitled to $135, but if you will accept a judgment for $90 it will be entered in your favor for that amount." Filing the remitter quoted amounted to an acceptance of that offer and a consent to such a judgment. It was tantamount to an agreement that all alleged errors were waived and the case settled on the proposed basis of a judgment for $90, with costs and disbursements. It is equivalent to a judgment by confession according to *Schmidt* v. *Oregon Gold Min. Co.,* 28 Or. 9 (40 Pac. 406, 1014, 52 Am. St. Rep. 759) and *Twitchell* v. *Risley,* 56 Or. 226 (107 Pac. 459). It is only from a judgment or decree other than one by confession or for want of answer that an appeal will lie: Section 549., L. O. L. Having invited and accepted the judgment entered, and so having consented to it, the plaintiff cannot appeal from it.

The motion to dismiss the appeal is allowed.

APPEAL DISMISSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.