McLEAN *v.* AMERICAN RAILWAY EXPRESS CO.

1. APPEAL AND ERROR—ORDER GRANTING NEW TRIAL UNLESS PART OF VERDICT REMITTED REVIEWABLE.

An order granting a new trial unless plaintiff accept a less amount than that awarded by the jury for personal injuries is reviewable.

On excessiveness of verdict in action by person injured for injuries not resulting in death, see annotation in 46 A. L. R. 1236; 8 R. C. L. 673; 7 R. C. L. Supp. 278.

2. NEW TRIAL—COURT HAS WIDE DISCRETION IN GRANTING OR RE-
FUSING NEW TRIAL.

   The trial judge has a wide discretion in granting or re-
   fusing to grant new trials either upon his own motion
   or upon the motion of a party.

3. APPEAL AND ERROR—NEW TRIAL—DAMAGES—ABUSE OF DISCRE-
TION.

   To reverse an order granting a new trial unless plaintiff
   remit to a certain amount the sum awarded by the jury
   for personal injuries, the Supreme Court must find that
   the trial court abused its discretion in entering it.

4. DAMAGES—PERSONAL INJURIES—AMOUNT TO BE AWARDED RESTS
LARGELY IN DISCRETION OF JURY.

   In personal injury cases the law furnishes no legal rule
   for measuring damages, but the amount to be awarded
   rests largely in the discretion of the jury.

5. NEW TRIAL—VERDICT SHOULD NOT BE SET ASIDE MERELY BE-
CAUSE IT IS LARGE.

   A verdict for personal injuries should not be set aside
   merely because it is a large one, or because the court
   would have awarded less.

6. DAMAGES—EXCESSIVE VERDICT PROPERLY REDUCED OR NEW TRIAL
GRANTED.

   A verdict of $16,000 for personal injuries, *held*, so ex-
   cessive, under the evidence, that the trial court was war-
   ranted in granting a new trial unless plaintiff remitted
   all in excess of $3,500.

Error to Macomb; Reid (Neil E.), J.        Submitted
May 1, 1928.        (Docket No. 174, Calendar No. 33,508.)
Decided June 4, 1928.

Case by Robert McLean against the American Rail-
way Express Company for personal injuries.        From
an order granting a new trial unless plaintiff remit all
of the verdict in excess of $3,500, plaintiff and defend-
ant bring error.        Affirmed.

*Walter M. Nelson,* for plaintiff.

*Campbell, Bulkley & Ledyard (Robert E. McKean,* of counsel), for defendant.

Sharpe, J.   This action was brought by plaintiff to recover damages sustained by him by having been struck by a truck driven by an employee of defendant while on Myrtle street in the city of Detroit.   The testimony as to the cause of the accident was very conflicting.   At the close of the proofs, defendant's motion for a directed verdict was reserved.   The jury found for the plaintiff in the sum of $16,000.   A motion for judgment notwithstanding the verdict was denied.   On defendant's motion for a new trial, the trial court ordered—

"that unless within twenty days said plaintiff shall accept as a judgment against defendant herein the sum of thirty-five hundred and no/100 ($3,500.00) dollars then a new trial herein shall be granted."

The plaintiff declined to remit, and here seeks review of this order on writ of error.   In *Decker* v. *Fair,* 222 Mich. 507, it was held that such an order might be so reviewed.

It is plaintiff's claim that the record supports the verdict, that the order should be set aside, and the cause remanded with directions to enter a judgment thereon.

"There is no doubt the trial judge has a wide discretion in granting or refusing to grant new trials either upon his own motion or upon the motion of a party."   *Zeilman* v. *Fry,* 213 Mich. 504, 510.

To reverse the order made, we must find that the trial court abused his discretion in entering it.   He stated that in his opinion the verdict was "very greatly excessive" and that "not more than $3,500 should have been allowed by the jury."   It is true, as claimed by plaintiff's counsel, that in such cases the law furnishes

no legal rule for measuring damages. The amount to be awarded rests largely in the discretion of the jury. The verdict should not be set aside merely because it is a large one, or because the court would have awarded less.

"But it has been held that the size of the verdict alone may show that it must have been the result of passion or prejudice, as, for instance, when it is apparent that the award is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury."     8 R. C. L. p. 675.

This leads us to the proof regarding the nature of plaintiff's injury. When struck by the truck, his feet "flew out from under" him, and he was thrown up on the sidewalk. He then got in the truck with the driver, and was taken to a doctor's office. They went upstairs to his office, but he was not there. The driver suggested taking him to the Receiving hospital, and plaintiff "walked across the street and got in his truck with him," and he drove to the hospital. After examination, plaintiff took the street car and went home, walking a part of the way. He testified: "I was hurt in my back, right in the small of my back on the right side." A few days after, a doctor was sent to see him by a representative of the Michigan Accident Claim Company, which was looking after his case.

He is a carpenter, and worked at his trade about 12 weeks between the date of his injury, on December 21, 1926, and the trial, which began on July 1, 1927, but earned somewhat less than before. Soon after the accident, he went to Virginia, and remained there nine weeks. There is medical testimony tending to support his claim of permanent injury, but this is met by the testimony of three doctors called by defendant, who were experts in spinal troubles, and who testified from personal examinations and X-rays taken that

they found no external evidence of injury and no apparent cause for the suffering plaintiff claimed to be enduring.

A careful consideration of all the proof bearing on the nature of his injury leads us to conclude, as it did the trial court, that the verdict is excessive. We find no abuse of discretion on the part of the trial court in the entry of the order made.

The defendant has also assigned error. It insists that its motion for judgment notwithstanding the verdict should have been granted. In our opinion a question for the jury was presented, and it was properly denied.

The order entered is affirmed. No costs are allowed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and POTTER, JJ., concurred. McDONALD, J., did not sit.