McDANIEL *v.* HANCOCK.

1. AUTOMOBILES—NEGLIGENCE—ASSAULT AND BATTERY—EVIDENCE—QUESTION FOR JURY.

Plaintiff's right to recover on either count relying on defendant's negligence or count relying on assault and battery was properly submitted to jury under conflicting evidence presented in action for personal and property injuries incident to rear-end collision by defendant and personal injuries sustained shortly after defendant had returned to his car and drove through intersection to right of plaintiff's car.

2. SAME — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — CONFLICTING TESTIMONY—QUESTIONS FOR JURY.

Issues as to defendant's negligence and plaintiff's contributory negligence were properly submitted to jury, where first count of declaration was based on alleged negligence of defendant motorist and there was conflicting testimony as to how plaintiff came to be injured during second phase of the accident.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur, Automobiles, § 673.
[1, 5] 5 Am Jur, Automobiles, §§ 763, 831.
[1, 5] Assault in connection with negligent operation of automobile or its use for unlawful purpose or in violation of law.  99 ALR 756.
[2] 5 Am Jur, Automobiles, § 703.
[4] 39 Am Jur, New Trial, § 210.
[4] Power of court to reduce or increase verdict without giving party affected the option to submit to a new trial.  53 ALR 779; 95 ALR 1163.
[7] 3 Am Jur, Appeal and Error, § 1070; 53 Am Jur, Trial, §§ 506, 507.
[8] 15 Am Jur, Damages, § 209 *et seq.*
[8] Excessiveness of verdict in action by person injured for injuries not resulting in death.  (For the years 1916–1926) 46 ALR 1230; (For the years 1926–1935) 102 ALR 1125.
[9] 3 Am Jur, Appeal and Error, §§ 733, 823, 871, 875.
[10] 14 Am Jur, Costs, §§ 92, 96.

3. Appeal and Error—Curing Error—Mortality Tables—Impaired Health—Remittitur.

Error, if any, in receiving mortality tables in evidence in action for personal injuries by 68-year-old man who was troubled with an arthritic condition and a stomach disorder was cured by filing of remittitur of $2,000 reducing verdict of $7,548 to $5,548 in fulfillment of condition for denying a new trial.

4. Same—Curing Error—Damages—Remittitur.

An appropriate reduction of damages found by the jury cures the error which only affected the amount of the verdict.

5. Assault and Battery—Automobiles.

An assault or an assault and battery may be committed by intentionally running an automobile with force and arms against a person with great force and violence and throwing him to the pavement.

6. Automobiles—Accident—Manner of Occurrence—Evidence.

Defendant's contention that it was a physical impossibility for second phase of accident to have occurred by plaintiff's being struck as defendant passed to right of plaintiff's car as plaintiff was attempting to close right-hand door causing him to grab something near defendant driver's seat to which he clung as car went some 70 feet before he was thrown to the pavement with such force as to render him unconscious *held,* untenable in view of testimony submitted.

7. Appeal and Error—Reference to Criminal Proceedings—Correction by Court—Motion for New Trial.

Ill-advised reference to criminal proceedings by plaintiff's counsel, which was promptly and clearly corrected by the court *held,* not to have resulted in reversible error in action for damages in which second count of declaration was based on alleged assault and battery; it being noted that such claim of error was not embodied in defendant's motion for new trial.

8. Automobiles—Verdict—Great Weight of Evidence—Damages.

Verdict in favor of plaintiff in action against defendant motorist who first collided with rear end of plaintiff's car and subsequently inflicted other serious personal injuries *held,* neither against great weight of evidence nor, as minimized by remittitur, excessive.

9. Appeal and Error—Remittitur—Cross Appeal—Restoration of Verdict to Full Amount—Estoppel.

Plaintiff who filed a remittitur reducing damages recoverable from $7,548 to $5,548 was thereby estopped from prosecuting

cross appeal whereby it was sought to restore the verdict to the full amount as plaintiff obtained a judgment which he otherwise would not have obtained and defendant was deprived of the benefit of a new trial and left the alternative of an appeal to the Supreme Court with its attendant burden of expense.

10. Costs—Motion to Dismiss Cross Appeal—Affirmance of Judgment.

Costs on motion to dismiss cross appeal are awarded defendant-appellant where order is entered granting the motion but costs on main appeal in same case are awarded plaintiff-appellee where judgment is affirmed.

Appeal from Jackson; Boardman (Harry D.), J. Submitted April 14, 1950. (Docket No. 69, Calendar No. 44,750.) Decided June 5, 1950.

Case by Robert A. McDaniel against Robert W. Hancock, deceased, for injuries sustained when he was hit by decedent's automobile. Verdict and judgment for plaintiff. Remittitur filed. Defendant appeals. Plaintiff cross-appeals. Affirmed.

*Dahlem & Dahlem,* for plaintiff.

*Kleinstiver & Anderson,* for defendant.

North, J. Plaintiff's suit is for damages resulting from alleged personal and property injuries incident to an automobile accident. On trial by jury plaintiff had verdict and judgment was entered thereon. Defendant has appealed.

In the afternoon of November 12, 1947, plaintiff in his Ford 2-door sedan was driving east on Prospect street, in the city of Jackson. As he approached the intersection of Prospect and Francis streets the traffic light was red against eastbound traffic. Plaintiff stopped his car behind a car immediately preceeding him until the light changed to permit move-

ment of the eastbound traffic. Just as he was about to start his vehicle it was struck in the rear by a Chrysler car owned and driven by defendant's decedent, Harry W. Hancock. Mr. Hancock, who at the time was 77 years of age, died in April, 1948. In the following September this suit was brought against the executor of the Hancock estate, but we hereinafter refer to decedent as defendant.

By the impact of the 2 automobiles the rear of plaintiff's car was somewhat damaged and it was forced forward 5 to 8 feet. Defendant's car apparently stopped at or near the point where it struck the other car. Plaintiff and his wife, who was riding in the car with plaintiff, got out of the Ford automobile—plaintiff from the left-hand side and Mrs. McDaniel from the right-hand side, she leaving the right-hand door of the automobile open. They went to the rear of their car, observed the damage and requested defendant to get out of his automobile and look at the damaged condition of plaintiff's car, which he did. Thereupon defendant told plaintiff and his wife that at the time of the accident he was giving attention to an upset bottle of cream in his automobile. He gave his name and address to plaintiff and his wife, advised them to have the damage to their automobile repaired and he would pay for same. Mr. Hancock then got into his car, told plaintiff and his wife that he (Hancock) was going to leave, and asked them to step out of the way and to close the right-hand door of their automobile so that it would not be injured, Hancock evidently intending to pass plaintiff's car on its right side. He did drive past plaintiff's car without striking the curb on the south side of the street and missing the still open door of plaintiff's car by 4 to 6 inches. Plaintiff's claim, which is disputed by testimony in behalf of defendant, is that plaintiff with intention of closing the right-hand door of his car had walked around

and to the right side of his car and reached a point near the right-front wheel and "that thereupon decedent, suddenly and without giving due notice of such intent, started up his car, and, passing to the right of plaintiff's car at a high rate of speed [8 to 10 miles per hour], carelessly and negligently, wilfully and wantonly ran into and against plaintiff with great force and violence propelling plaintiff a distance of 70 feet or more across Francis street, and throwing him at that point forcibly to the pavement, rendering plaintiff unconscious and causing plaintiff the damages and [personal] injuries hereinafter more fully set forth." Testimony in behalf of plaintiff relative to this phase of the accident in substance is: That plaintiff walked around the front of his automobile, turned and walked west along the south side of the vehicle, was at the right-hand front wheel nearly to the open door of his car, reaching with his right hand to close it, and at this point his left knee was struck by the left end of the bumper or the left-front fender of decedent's car, that this caused plaintiff to swing around and he grabbed something on the left side of decedent's automobile opposite the driver's seat to which he clung, fearing he otherwise might fall under the moving auto which gained speed in crossing the intersection, and after crossing or nearly crossing Francis street plaintiff fell to the pavement and sustained serious injuries.

In the first of the 2 counts of his declaration plaintiff alleges freedom from contributory negligence and charges defendant was guilty of negligence in that he drove his motor vehicle "carelessly and heedlessly, in wilful and wanton disregard of the rights and safety of others," at a careless rate of speed, that defendant failed to keep a proper look out, failed to have his automobile under proper control, and in driving his automobile to the right of plain-

tiff's car in contravention of the statute then in force (CL 1948, § 256.304 [Stat Ann § 9.1564]). This count 1 is for ordinary negligence, and was submitted to the jury under a charge which covered negligence, contributory negligence, proximate cause, and damages. Touching the matter of damages the trial judge instructed the jury that for any damage sustained by plaintiff as a result "of the initial collision with the rear of his car, plaintiff is entitled to recover any damages he sustained by reason thereof as a matter of law. * * * It is his claim * * * that his head snapped backward and forward, that his back was wrenched and strained, and that this could have caused the aggravation of the arthritic condition of his back." There seems to be no controversy concerning this phase of the case.

In count 2 of the declaration it is alleged:

"That as plaintiff was * * * standing on the right side of his car; the decedent wilfully, wantonly and intentionally propelled his automobile forward and with force and arms ran into and against plaintiff with his automobile, with great force and violence and propelled plaintiff a distance of 70 feet or more across Francis street, at which point plaintiff was forcibly thrown to the pavement, rendered unconscious, and causing plaintiff the damages and injuries hereinafter more fully set forth; that upon thus throwing plaintiff to the pavement, decedent did not stop his car but fled eastward on Prospect street from the scene of the assault. And plaintiff says that the act of the decedent in the premises constituted an assault and battery and assault with a dangerous weapon upon the plaintiff.

"That as a direct and proximate result of the assault upon plaintiff by decedent, he suffered the following injuries [enumerating sundry personal injuries, nervous shock, fright, pain and suffering, claimed to be of permanent character and resulting in loss of earnings both past and future and necessi-

tating expenditure of substantial sums for medical and surgical treatment]."

Under the allegations in plaintiff's declaration, the testimony in support thereof, and the manner of submission to the jury, there were clearly 2 phases to the instant case, but only a general verdict was rendered in the following form: "We find—the jury finds the defendant guilty of negligence; therefore, awarding damages to the plaintiff." The only attempts by defendant to confine the jury's deliberations and verdict to the first count were his motion for a directed verdict as to the second phase of the case and a request that the court charge the jury, "the defendant cannot be held liable for negligence or damages by reason of any assault having been committed by the defendant's decedent upon the plaintiff, by or with his said Chrysler automobile."

Of primary importance to decision herein is appellant's contention that defendant was prejudiced by the submission to the jury of plaintiff's right to recover on the ground of alleged assault and battery. As above noted, there seems to be no controversy regarding plaintiff's right to recover for any damage he may have sustained and which was caused by the car of decedent colliding with the rear of plaintiff's car. Instead the controversy centers on plaintiff's right to recover for what is referred to throughout the record as a second phase of the accident—*i.e.*, what occurred at the time and after decedent started to pass plaintiff's car on the right. There is testimony tending to sustain plaintiff's claim in this regard as outlined in the quotation hereinbefore made from his declaration. However, on this second phase of the accident there is a direct conflict of testimony. In substance testimony produced in behalf of defendant, as summarized in his brief, was as follows:

"The evidence is that it [decedent's car] started slowly in a normal way as an automobile would in low gear, and picked up speed after it passed McDaniel's automobile. * * * Defendant contends that the Hancock automobile did not strike plaintiff; that Mr. Hancock had maneuvered his automobile toward the south curb to pass eastward and when yet standing and before starting eastward, Mr. McDaniel was standing at the left of the Hancock automobile apparently talking to Mr. Hancock and that when the automobile started, plaintiff took hold of the left side at the driver's seat, walked a few steps with the car as it started, and hung on as it proceeded. Mr. McDaniel told Mr. Hancock he was going to call the police; and the evidence further indicated that plaintiff undertook to prevent Mr. Hancock from leaving until the police officers arrived."

We have not attempted to review in detail all of the conflicting testimony touching the so-called second phase of this case, but from our review of the record we conclude that plaintiff's right to recover on either of the 2 counts in his declaration was properly submitted to the jury by the trial judge. It should be observed that the first count in the declaration was so framed that on the ground of ordinary negligence it presented for adjudication the alleged right of plaintiff to recover for injuries received during either or both phases of the accident. There was conflicting testimony as to how plaintiff came to be injured during the second phase of the accident, and therefore the trial judge properly submitted under the first count both the issue of decedent's negligence and of plaintiff's contributory negligence as issues of fact.

Appellant urges that: "The mortality tables were not admissible; their admission was prejudicial error which was not cured by remittitur" of $2,000. It is agreed, as alleged in plaintiff's amended dec-

laration "that prior to said accident he was afflicted with an arthritic condition and a stomach disorder." Plaintiff alleged and offered testimony to show that his impaired condition was aggravated by the claimed tortious act of defendant. The mortality tables, showing plaintiff's expectancy at his age of 68 years as 9.48 years, were received over defendant's objection that plaintiff was not a person of normal health. This claimed error was urged on defendant's motion for a new trial, and was disposed of by order of the trial judge as follows:

"If there was any error here in the admission of the mortality tables, it is clear that such error, if any, may be corrected by reduction of the verdict. Accordingly, if the plaintiff shall file a remittitur within 10 days from the date hereof reducing the verdict of the jury from $7,548 to $5,548, the motion for a new trial is denied. Unless such remittitur is filed, the motion for a new trial is granted."

The remittitur was filed as provided by the court and the motion for a new trial denied. Under the circumstances of the instant case we think the ruling of the circuit judge should be sustained. It is in accord with our holding in *Fortner* v. *Koch,* 272 Mich 273 (38 NCCA 334), that as to an error of this character an appropriate reduction of damages found by the jury "cures the error which only affected the amount of the verdict."

In view of the testimony in support of plaintiff's contention as to the manner in which the so-called second phase of the accident happened, we cannot agree with either of appellant's contentions (1) that there was no testimony "of gross, wanton or wilful negligence" on the part of the decedent, (2) nor was there any evidence "of assault and battery." That an assault or an assault and battery may be committed in the manner asserted by plaintiff in the instant case was adjudicated in *People* v. *Goolsby,* 284 Mich

375. Nor, in view of conflicting details in the pertinent testimony, can we agree with appellant's contention that "it [was] a physical impossibility for second accident to have occurred as plaintiff claims." *Filter* v. *Mohr,* 275 Mich 230; *Vukich* v. *City of Detroit,* 325 Mich 644, 647.

Appellant contends that prejudicial error resulted during the closing argument to the jury by appellee's counsel, who said: "I do not know whatever happened to it on the criminal end of it. I did not look into that. It is not of any concern here." Defendant's counsel objected, saying: "There is not any testimony * * * [of] any criminal charge." The court ruled: "I will sustain the objection. * * * Any references to any possible criminal proceeding arising out of this situation, jurors, you are to pay no attention to it." The ill-advised reference to criminal proceedings by plaintiff's counsel, which was promptly and clearly corrected by the court, did not in our judgment under the record before us result in prejudicial error which would justify reversal. It may also be noted that this claim of error was not embodied in defendant's motion for a new trial. See *People* v. *Boyes,* 208 Mich 58.

On the record in the instant case we cannot find that the verdict in favor of plaintiff was against the great weight of the evidence or that the amount of damages, as minimized by the remittitur, was excessive.

Subsequent to plaintiff having filed the remittitur, as above noted, and to denial of defendant's motion for a new trial, plaintiff filed a claim of cross appeal, relying, in part at least, on Court Rule No 61 (1945). Thereby he sought to have reviewed the circuit judge's order granting defendant a new trial unless the remittitur was filed; and on this appeal plaintiff asks that "the verdict of the jury [be] reinstated"

in the full amount and the trial court directed to enter judgment accordingly. Appellant filed and submitted to this Court a motion to dismiss plaintiff's cross appeal. Decision on this motion has been deferred until the main appeal was submitted.

Under our practice plaintiff is, and should be, estopped from prosecuting the attempted cross appeal. By filing the remittitur plaintiff obtained a judgment which he otherwise would not have obtained. He exercised a right granted him by the trial court and thereby deprived defendant of the benefit of a new trial and left as defendant's only alternative of review an appeal to this Court, which appeal, with its attendant burden of expense, has been submitted. Our holding just above noted is in accord with the great weight of authority (39 Am Jur, pp 204–206) and the following cases, to which we limit citation. *Florida East Coast Railway Co.* v. *Ruckles,* 83 Fla 599 (92 So 159), citing numerous cases; *O'Connor* v. *Pawling & Harnischfeger Co.,* 191 Wis 323 (210 NW 696); *San Bernardino County* v. *Riverside County,* 135 Cal 618 (67 P 1047); *Plinsky* v. *Nolan,* 65 Or 402 (133 P 71); *World Oil Co.* v. *Hicks,* 129 Tex 297 (103 SW2d 962); *Iron Railroad Co.* v. *Mowrey,* 36 Ohio St 418 (38 Am Rep 597).

An order will be entered granting defendant's motion to dismiss plaintiff's cross appeal, with costs of the motion to defendant. From what we have already said it is apparent that defendant's motion for a new trial was properly denied. The judgment in the circuit court as reduced by the remittitur is affirmed, with costs to appellee.

REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred. BOYLES, C. J., did not sit.