## ROCKAFELLOW v. STREETER.

1. TRIAL—QUESTIONS OF FACT—DIRECTED VERDICT.

A verdict may not properly be directed in favor of either party when the testimony presents controlling questions of fact.

2. CROPS—BREACH OF CONTRACT—HARVESTING—VERDICT—EVIDENCE.

Testimony supported verdict for plaintiff in action for defendant's breach of contract for harvesting crop of plaintiff's wheat.

3. NEW TRIAL—ACQUAINTANCESHIP WITH JURY—EVIDENCE.

Denial of new trial did not constitute an abuse of discretion, where no proofs were offered or affidavits filed in support of motion for new trial as to claimed social acquaintanceship and friendliness between plaintiff, a rural mail carrier, and one of the jurors.

4. APPEAL AND ERROR—ADMISSION OF TESTIMONY—OBJECTION.

Reversible error as to admission of testimony in plaintiff's action against defendant for breach of contract to harvest a crop of wheat for plaintiff was not made out, where record indicates that when objection was raised to the opinion, guess, estimate and conjecture testimony the objection was upheld.

5. EVIDENCE—CONCLUSIONS—JURY.

It would be error to permit a witness to testify to his conclusion based upon facts in evidence before the jury from which the jury was as competent to draw a conclusion as the witness.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 362.
[3] 39 Am Jur, New Trial §§ 43, 198.
[4] 3 Am Jur, Appeal and Error § 1026.
[5] 20 Am Jur, Evidence § 771.
[6] 3 Am Jur, Appeal and Error § 1097.
[7] 3 Am Jur, Appeal and Error § 1114; 58 Am Jur, Witnesses § 575.
[8, 9] 39 Am Jur, New Trial § 210.
[10] 3 Am Jur, Appeal and Error § 399.

6. APPEAL AND ERROR—INSTRUCTIONS—REQUESTS TO CHARGE.

Charge to jury, taken as a whole, which sufficiently informed the jury of the applicable law *held,* to have rendered claimed errors in charge and refusal to give charges requested by defendant not reversible.

7. SAME—UNRESPONSIVE ANSWERS BY WITNESS—CREDIBILITY.

Error, if any, in permitting plaintiff to answer certain questions by the response: "I do not remember" or "I don't recall" *held,* cured by instructions to jury regarding the credibility of witnesses and the weight to be given their testimony.

8. NEW TRIAL—REMITTITUR.

It is proper practice to deny a new trial on the condition that a remittitur shall be filed, where there is an excessive verdict.

9. SAME—REMITTITUR—EXCESSIVE VERDICT.

A remittitur should only be ordered as a condition for denying a new trial where the verdict of the jury is unreasonably excessive.

10. SAME—REMITTITUR—CROSS APPEAL—ESTOPPEL.

A plaintiff who files a remittitur in order to avoid a new trial is estopped from prosecuting a cross appeal based on alleged error in being required to file a remittitur under such circumstances, notwithstanding the parties conceded the trial judge was without authority to attach such a condition under the proofs offered.

BUTZEL and BOYLES, JJ., dissenting.

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted October 5, 1951. (Docket No. 49, Calendar No. 45,235.) Decided January 18, 1952.

Case by Victor Rockafellow against Millard Streeter for damages caused by failure to combine wheat. Cross-declaration by defendant against plaintiff for sum due for work performed. Verdict and judgment for plaintiff. Conditional remittitur filed by plaintiff. Defendant appeals. Plaintiff cross-appeals. Affirmed.

*Michael Carland,* for plaintiff.

*Stanley Berriman,* for defendant.

BUSHNELL, J.   Plaintiff Victor Rockafellow is a rural mail carrier, who also operates a farm near Durand, Michigan.  Defendant Millard Streeter is a plumber, who also has a farm in the same neighborhood.   Rockafellow claims that in May of 1949 he had a conversation with Streeter, who intended to buy a new harvester combine, and that, as a result of this conversation, Streeter agreed to harvest Rockafellow's wheat for $5 per acre.  Streeter testified that the agreed price was $5 per acre for standing grain only; that no price was fixed for "down grain" because that varied from $8 to $12 per acre, depending upon its condition.

On July 17, 1949, Streeter took his combine and tractor to Rockafellow's farm.

The parties do not agree as to the condition of the wheat or what percentage of it was flat on the ground. Streeter claims that Rockafellow interfered with his management of the work, and requested him to leave the farm.   This is denied by Rockafellow. Streeter did, however, direct Edward Leonard, his combine operator, to discontinue harvesting.   Rockafellow claims that he was unable to secure anyone to complete the harvesting until the wheat had become so badly damaged that it was impossible to reap the entire crop.   Testimony was taken regarding the damages claimed by Rockafellow because of Streeter's alleged breach of the contract.

It is conceded that Rockafellow owed Streeter $50 for harvesting 10 acres at $5 an acre.  Streeter filed a cross-declaration claiming his combine averaged throughout the summer period better than 10 acres per day at $5 an acre; and since he worked his man and machine 3 days for Rockafellow, he was entitled to $150.   The jury returned a verdict of $858.40 in favor of Rockafellow.

Upon consideration of Streeter's motion for a new trial, the trial judge reviewed the testimony and concluded his opinion by stating:

"It seems to me that the verdict in the sum of $858.40 is somewhat excessive, and it is the court's decision that the defendant is granted a new trial unless within 20 days from the date hereof, the plaintiff will file a remittitur in the sum of $125."

Rockafellow's counsel filed a consent to remit this sum, but "without prejudice against the rights of the plaintiff to reinstate the judgment to its original amount in the event an appeal should be taken in said cause by the defendant."

Appellant Streeter lists in his brief 22 statements of questions involved. Four of these have to do with the trial court's refusal to take the case from the jury. A verdict may not properly be directed in favor of either party when the testimony presents controlling questions of fact. *White* v. *Huffmaster,* 321 Mich 225. See, also, *Stockham* v. *Cheney,* 62 Mich 10; *Dirkes* v. *Lenzen,* 239 Mich 270. There is sufficient competent testimony to support Rockafellow's view of the facts.

In support of his motion for a new trial, the defendant argued that 1 of the jurors was a social acquaintance and a good friend of the plaintiff. The trial judge considered this matter and properly pointed out that no proofs were offered in support of this allegation. Nor were any affidavits filed. See practice outlined in *Storey & Cheney* v. *Child,* 2 Mich 107. The trial judge had discretion to grant or refuse a new trial. That discretion was not abused in this instance. See *Finch* v. *W. R. Roach Co.,* 299 Mich 703, 712, and *Brown* v. *Arnold,* 303 Mich 616, 627.

Appellant complains about the admission of testimony based upon "opinions, guesses, estimates and conjectures." He also urges that much of plaintiff's

testimony was purely speculative and that appellant was refused the right to submit his opinion as to the condition of the wheat at the time it was ready for harvesting. Such testimony has been examined and in each instance where the defendant objected the trial court upheld the objection. It would have been error to permit Streeter to testify to his conclusion based upon facts in evidence before the jury from which they were as competent to draw a conclusion as was Streeter. *Jones* v. *Village of Portland,* 88 Mich 598 (16 LRA 437).

Several of the questions raised by the defendant refer to claimed errors in the charge to the jury or the court's refusal to give charges requested by the defendant. All of these have been examined and we find no errors of this nature in the conduct of this trial. The charge, as a whole, sufficiently informed the jury of the applicable law.

In 2 other statements the defendant complains that plaintiff was permitted to answer certain questions by the response: "I do not remember" and "I don't recall." It is entirely possible that Rockafellow was answering to the best of his ability, and the court fully instructed the jury regarding the credibility of witnesses and the weight to be given their testimony.

Other questions raised are inconsequential and the errors alleged therein are not justified by the record.

In their briefs both parties seem to agree that the court erred in respect to the remittitur of $125. The practice of denying a new trial on the condition that a remittitur shall be filed where there is an excessive verdict is well established. *Detzur* v. *B. Stroh Brewing Co.,* 119 Mich 282, 288 (44 LRA 500, 5 Am Neg Rep 371); *Snook* v. *Mt. Clemens Sugar Co.,* 186 Mich

593; *McLean* v. *American Railway Express Co.*, 243 Mich 113.

A remittitur should only be ordered where the verdict of the jury is unreasonably excessive. *In re Mazurkiewicz's Estate*, 328 Mich 120.

Plaintiff says in his brief:

"By stipulation duly filed in this court (which through an error of the printer was not made a part of the printed record), both parties conceded that the court was without authority under the proofs offered in this case to attach such a condition to his order denying a motion for a new trial."

Notwithstanding the agreement of the parties in this respect, plaintiff, having filed a remittitur in order to avoid a new trial, is estopped from prosecuting the attempted cross appeal.

See our recent discussion of this practice in *McDaniel* v. *Hancock,* 328 Mich 78, at pages 87 and 88.

The judgment is affirmed, with costs to appellee.

NORTH, C. J., and DETHMERS, CARR, SHARPE, and REID, JJ., concurred with BUSHNELL, J.

BOYLES, J. *(dissenting).* Plaintiff cross-appeals solely on the ground that the court erred in granting a new trial unless plaintiff remitted $125 from the jury verdict which was in the sum of $858.40. The trial court concluded that the verdict was "somewhat excessive" as a matter of fact, but not as to admissibility of evidence or other question of law. Plaintiff thereupon consented to the remittitur but without prejudice to reinstating the full judgment on appeal. Under proper practice the plaintiff would thereby be estopped from prosecuting his cross appeal, having consented to the remittitur. *McDaniel* v. *Hancock,* 328 Mich 78, 88. However, in addition to plaintiff's reserving the right to claim the full amount,

on appeal, counsel have filed a stipulation in this Court stating that the evidence supports the jury's verdict for $858.40 and agreeing that the court erred as to the evidence, in directing the remittitur.

Under the above circumstances, the *McDaniel Case, supra,* is not authority to prevent the entry of judgment on the verdict for the full amount, and the case should be remanded for that purpose.

BUTZEL, J., concurred with BOYLES, J.