TERRILL *v.* SCHULTZ.

1. WORK AND LABOR—ESTOPPEL—PAYMENT OF EXCESS WITHOUT COM-
   PLAINT—INSTRUCTIONS.

   Instruction, given by trial court in action on the common counts
   for work done and materials furnished as interior decorator,
   was not in error in stating that defendants were estopped
   from complaining that the total cost exceeded a specified limit
   and that they were overcharged for certain items of materials,
   where defendants had made payments susbtantially in excess
   of amount claimed as the maximum without complaint until at
   least a year, or a year and a half, after completion of the
   project.

2. SAME—INTEREST—REMITTITUR.

   Defendants in action for work done and materials furnished, who
   had admitted the making of a demand for the sum claimed to
   be due were not in position to claim error as to action of trial
   court as to charge of interest included in judgment, where
   plaintiff filed an unconditional remittitur in the amount of
   the interest.

Appeal from Berrien; Sweet (Lucien F.), J., pre-
siding. Submitted October 13, 1961. (Docket No.
70, Calendar No. 48,515.) Decided March 15, 1962.

Action by Roberta Terrill, doing business as Ro-
berta Terrill Interiors, against Carl Schultz and
Betty Schultz for services and materials furnished
on interior decorating job. Verdict and judgment
for plaintiff. Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Work and Labor § 50.

*Hartwig & Crow (John L. Crow,* of counsel), for plaintiff.

*Small & Shaffer (Robert P. Small,* of counsel), for defendants.

SOURIS, J. Defendants appeal from denial of their motion for new trial after plaintiff had filed a remittitur in the amount of interest included in a jury verdict. The suit was on the common counts for work done and materials furnished by plaintiff, an interior decorator. Defendants, by claim of set-off and recoupment, sought judgment against plaintiff for defective work and excess payments made. The jury's verdict was for the full amount of plaintiff's claim plus the interest remitted.

Each error urged upon the trial judge in defendants' motion for new trial is included in the statement of questions involved. It is claimed the trial judge committed error in charging the jury and in striking the testimony of 1 of defendants' witnesses and that the verdict was excessive and contrary to law.

In denying defendants' motion for new trial, Circuit Judge Lucien F. Sweet filed an opinion in which each claim made below, and repeated here, was thoroughly reviewed and decided adverse to defendants. We think that Judge Sweet was correct in each decision made with 2 exceptions. The first exception is his finding that, although he believed he might have committed error in his instruction that defendants were estopped from complaining that the total cost exceeded a specified limit and that they were overcharged for certain items of materials, no prejudicial error resulted. We do not believe the instruction was erroneous. Defendants had received itemized statements from time to time and had made payments thereon, without complaint, substantially

in excess of the amount they claimed was the maximum amount specified. The record discloses that no complaints about any item were made until at least a year, or a year and a half, after completion of the project and the so-called maximum amount was actually substantially exceeded in payments, without complaint, before the project ended. There was no error in the instruction given.

Secondly, we do not agree with Judge Sweet's conclusion that his instruction to the jury that interest could be awarded on plaintiff's damages was erroneous. Because he believed the interest instruction was improper, he required plaintiff to file an unconditional remittitur in the amount of the interest or suffer a new trial. This ruling was based upon his conclusion that there was no proof of a proper demand by plaintiff for payment of the reasonable value of her services and materials furnished. However, defendants had admitted in their answer to plaintiff's declaration that demand had been made in 1952. Again, this is an error about which defendants can have no complaint. Plaintiff acceded to the remittitur and, perhaps because of our decisions in *Fulton* v. *Ewing,* 336 Mich 51; *Rockafellow* v. *Streeter,* 332 Mich 366; and *McDaniel* v. *Hancock,* 328 Mich 78, did not cross-appeal on this issue.

We adopt the balance of Judge Sweet's opinion on the motion for new trial. There would be no benefit to the parties in discussion of the remaining issues carefully considered and properly decided by Judge Sweet, nor would there be any benefit to the bar in doing so, each of the remaining issues being of significance to this case and this case alone.

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.